IN RE TURNER, TRUSTEE.

(*Nashville.* February 4, 1899.)

WILL. *Right to interest accruing on trust fund.*

Under a will that provides a specific fund shall be set apart and deposited in bank for the benefit of testator's widow, and his two daughters and their children, to be enjoyed by them in a prescribed manner, and not otherwise; and further provides that the widow and two daughters shall receive each $100 annually out of this fund so long as they shall live; and further provides that when they are all dead the children of each daughter shall take equally one-half the fund, the two daughters take the $100 per annum absolutely, and are not entitled to any part of the interest that may be earned by the fund during their lifetime. They are annuitants, not life tenants of the fund.

Cases cited: Forsey *v.* Luton, 2 Head, 184; Prichett *v.* Nashville Trust Co., 96 Tenn., 477; Whitworth *v.* Ewing, 15 Lea, 595; Stephenson *v.* Harrison, 3 Head, 729.

FROM CHEATHAM.

Appeal in error from Circuit Court of Cheatham County. W. L. GRIGSBY, J.

L. J. PARDUE and R. S. TURNER for Turner.

J. J. NAVE for exceptants.

CALDWELL, J. Abner Edwards died testate at his residence in Cheatham County, Tennessee. By the

fifth clause of his will, he set apart about $10,900 in money as a trust fund, and directed his trustee to deposit it in some safe and reliable bank for the benefit of his two daughters, Mary J. Stewart and Nancy A. T. Smith, their children, and his widow, to be enjoyed by them in a prescribed manner, and not otherwise. The direction to the trustee was, in effect, that he should pay from the trust fund to the testator's widow and two daughters each $100 annually, so long as they should live, and that, when they were all dead, he should divide that part of the trust fund remaining, if any, into two equal parts, and distribute one part equally among the children of one daughter, and the other part equally among the children of the other daughter.

The widow dissented from the will, and received, under the statute (Shannon, § 4172, Subsec. 1), one-third of the fund, as absolute owner. The trustee, R. S. Turner, took possession of the balance of the fund, about $7,270, and deposited it in bank, as directed by the will. For prudential reasons, he afterwards withdrew the money from the bank, and, to insure its greater safety, loaned it to responsible persons at interest. When he came to make his annual settlement with the County Clerk, he reported the amount of the fund received by him for the two daughters and their children, and, also, $646 interest collected thereon, treating the aggregate of the two sums as the true amount of the corpus of the trust fund. The two daughters filed exceptions

to this report of the trustee, claiming that the $646 of interest collected by him belonged to them, and should not have been treated as a part of the corpus of the trust fund. The Chairman of the County Court sustained these exceptions, and adjudged the daughters of the testator entitled to receive the $646 of interest in their own right, and in addition to the annuities provided for in the will. On appeal to the Circuit Court, the decree of the County Court was reversed, and the theory of the trustee's report was adopted and adjudged to be the correct one.

The excepting parties have appealed in error from the latter judgment, and in this Court they insist that they are entitled in their own right to receive and enjoy the $646 of interest earned by the trust fund. In this insistence they place themselves upon the same ground as life tenants of the fund bequeathed to them and their children by their father, the testator. If this view of their relation to the original fund be the correct one, then the legal result contended for by them would inevitably follow. It is well settled that the life tenant of property is entitled to its use, income, or increase during the continuance of the life estate. *Forsey* v. *Luton*, 2 Head, 184; *Prichitt* v. *Nashville Trust Co.*, 96 Tenn., 477. In the latter case the Court said: "When property is given to one person for life, with remainder to another, the former is entitled to the use for the period limited, and the latter to the corpus after that time. Neither may

encroach upon the right of the other. The life tenant may not dimish the corpus, nor the remaindermen the use, and what they may not do themselves others may not do for them. The life tenant may not be deprived of the use to augment the corpus, nor the remaindermen of the corpus to augment the use. The right to the use of the property entitles the life tenant to its net income. As applied to land, it entitles him to the crops or rents; as applied to money or bonds, it entitles him to the interest, and, as applied to corporate stock, it should, upon the same reasoning, entitle him to the net earnings." 96 Tenn., 477. But, in reality, the plaintiffs in error in this case are clearly not life tenants of the trust fund. The full measure of their interest in that fund, as distinctly defined by the will, is $100 each per annum during life. They are annuitants, nothing more, and hence their interests are limited by the amount named for annual payment. They are entitled to this from year to year, though the fund may earn nothing, and they are entitled to no more, whatever it earns.

In the present case the testator did not contemplate that the trust fund set apart by him should be loaned out at all, or that it should earn any interest. But that fact in no way affects the rights of his daughters, since his direction was that they should receive from the fund, annually during life, $100 each, no more and no less, and that direction has been complied with in proper time. Had the

annual sums due them been delayed by reason of the loan of the fund, they would undoubtedly be entitled to receive so much of the interest as was earned by such sums during the time of the delay. They assert no such claim, however, because there was no such delay.

A legatee of a particular fund is entitled to receive all interest earned by the loan of the fund, though the testator may not have contemplated the loaning. In such case the trustee will not be allowed to profit by loaning the fund, but the interest earned by it attaches itself to, and becomes a part of, the corpus, and as such, belongs to the legatee. *Whitworth* v. *Ewing*, 15 Lea, 595. The contention of the plaintiffs in error in the present case finds no support in this principle, however, because they are not legatees of the original fund, but are entitled to receive therefrom designated sums only, and that without reference to any income of the fund.

By the will considered and construed in the case of *Stephenson* v. *Harrison*, 3 Head, 729, the testator made provision for his widow, and directed that his slaves should be manumitted at her death. He also directed that a certain fund should be deposited in bank by his executors, and there kept until the death of his wife, and that it should then be used to defray the expenses of transporting his slaves to Liberia, and for an equal division of the balance among such of them as should go to that country. The executors did not keep the fund in bank, as

17 P—45

directed, but loaned and used it at great profit. This profit was claimed by the widow of the testator, who filed a bill in equity for a construction of the will and to recover in her own right the increase of the fund. For the slaves, her right was disputed, and it was contended that the profit followed the fund, and would ultimately pass with it to them. The Court said: "It was not the intention of the testator that this fund should be used by any one, but to remain in bank, securing (secure) for the slaves, at the death of the widow. And, if any profit was made upon it by the executors, it would constitute an addition to the fund for the same purpose. It was an accumulation that must go with the fund, whether made with or without authority. The trustees can have no benefit from it themselves, nor can it be separated from the fund for the benefit of any one else." 3 Head, 733. This holding is conclusive against the plaintiffs in error in the present case.

Turner, the trustee in this case, has acted in the utmost good faith and with sound judgment in respect to the fund intrusted to him. He claims no personal benefit from the use of the fund, or in the interest earned by it.

Affirmed.