R. L. GODSEY, et al., v. KATE ALICE LENDERSON, et al.

Western Section.    February 9, 1929.

Petition for Certiorari denied by Supreme Court, May 27, 1929.

Charles C. Moore, of Chattanooga, and W. F. Jewell, of Dayton, for appellant.

John L. Godsey, of Dayton, and Williams & Frierson, of Chattanooga, for appellee.

HEISKELL, J.   This suit involves the construction of so much of the will of W. C. Godsey as relates to one piece of property.   It comes

to this court by writ of error prosecuted by the defendants below. The petition for writ of error contains a very good statement of the material facts. A portion of said petition shows:

That on December 31, 1926, R. L. Godsey and J. L. Godsey filed their original bill against defendants, Mrs. Kate Lenderson and Mrs. Alice Godsey Griffeth, to construe that part of the will of W. C. Godsey, deceased, devising a brick storehouse and lot to the defendants and creating a trust for renting out the one-half interest devised to Mrs. Alice Godsey Griffeth and collecting and paying over the rents thereof.

R. L. Godsey and J. L. Godsey were sons of W. C. Godsey, deceased, and were named as executors of his will. Defendant Kate Lenderson was a daughter of W. C. Godsey, and Mrs. Alice Godsey Griffeth is the daughter of Klate Lenderson and a grand-daughter of W. C. Godsey, deceased.

On August 7, 1914, W. C. Godsey executed his original will, item four of which is as follows:

"I devise and bequeath to my daughter, Kate Lenderson, the brick storehouse and lot in Dayton, Tennessee, that I own, and now occupied by the Bailey Hardware Company."

On September 30, 1924, W. C. Godsey executed a codicil of his said will, the first item of which is as follows:

"First: It is my will and desire that item four of my will be modified so that said store building therein mentioned, and now occupied by Hicks Brothers and Smith as a furniture store, in Dayton, Tennessee, will descend to Mrs. Kate Lenderson and Mrs. Alice Godsey Griffeth, and I, therefore devise and, bequeath to the said Mrs. Kate Lenderson and Mrs. Alice Godsey Griffeth said brick storehouse and lot that I now own and now occupied as above. However it is my will and desire that Mrs. Kate Lenderson and my son, R. L. Godsey be appointed and they are hereby appointed trustees to carry out my wishes as to the one-half interest of Mrs. Alice Godsey Griffeth: viz: The said trustees will hold and manage said one-half interest going to Mrs. Alice Godsey Griffeth until she arrives at the age of thirty years, at which time said trustees will make final settlement of their trusteeship and pay to the said Mrs. Alice Godsey Griffeth the balance of any funds in their hands from the income derived or produced by said property, and at which time the trusteeship shall cease and the said Mrs. Alice Godsey Griffeth will take said undivided one-half interest in said property in fee simple in her own right; in other words at that time the legal title in said undivided one-half interest will descend to her. It is also my desire that should the said Mrs. Alice Godsey Griffeth die with-

582

out living issue then her part or one-half shall go to Mrs. Kate Lenderson.

"Said trustees will execute a good and solvent bond in the sum of One Thousand Dollars for the faithful discharge of this trust."

The bill charges that J. L. Godsey and R. L. Godsey had qualified as executors of the will of W. C. Godsey, deceased, and that R. L. Godsey had executed a bond and accepted the trust of renting and collecting the rents of the one-half interest of Alice Godsey Griffeth in the brick store building in Dayton, Tennessee, willed to her, and that Kate Lenderson had not executed the required bond and accepted the trust. The bill then shows that complainants as executors of the will had collected $1104.86, paid over one-half to Kate Lenderson and were holding the other one-half and sought a construction of the trust as to the disposition of this one-half, amounting to $570.43, held by the executors of the trust created in the will.

The bill further charged that Mrs. Kate Lenderson had brought suit before a Justice of the Peace against R. L. Godsey to recover rents collected by him, but that R. L. Godsey was sued individually and not as trustee, and the bill seeks to enjoin this suit. Mrs. Kate Lenderson answered the bill and averred that R. L. Godsey had taken charge of the storehouse, collected the entire rent thereon and refused to pay her anything until after she had brought suit. She averred that the executors as such were not authorized to collect rents on her said property nor on the interest of Alice Godsey Griffeth. She averred that her daughter, Alice Godsey Griffeth had assigned and transferred to her the income and rents on her one-half interest in said property and that she was entitled to receive the entire rent. A copy of the assignment of rent from Alice Godsey Griffeth to Kate Lenderson is exhibited to her answer and found in the record attached hereto at pages 17-18.

Mrs. Alice Godsey Griffeth did not answer the bill and pro confesso was taken against her.

The proof showed that since the death of W. C. Godsey on October 28, 1924, R. L. Godsey, acting as one of the executors of the will of W. C. Godsey, deceased, had collected the rents on the storehouse and lot in Dayton, Tennessee, devised by said will to the defendants. These rents were deposited in a bank at Dayton, Tennessee, and after the suit was brought before the Justice of the Peace by Kate Lenderson, one-half was paid to her and the other one-half remained on deposit in bank.

R. L. Godsey testifies that the purpose of his bill is to determine the proper party to pay this money to.

J. L. Godsey, one of the executors of the will of W. C. Godsey and attorney for the complainants in this cause, testifies that the rents from this property were deposited in bank to the credit of the executors

because the executors were advised that R. L. Godsey could not assume the duties of the trust created in the will and collect the rents in question as trustee while he was acting as executor of the estate.

The cause was heard before the Chancellor and final decree entered on May 5, 1927, wherein the Chancellor construed the fourth item of the will and the first item of the codicil as follows:

"The court is further of the opinion that under the fourth item of said will the first item of the codicil thereto, that no payment of rents to the said Alice Godsey Griffeth is provided for and the same is not due until the said Alice Godsey Griffeth reaches thirty years of age and that the said R. L. Godsey having executed bond as required by the will is a legally constituted trustee for the collection of said rents."

The court further made permanent the injunction against Mrs. Kate Lenderson from prosecuting her suit before the Justice of the Peace against R. L. Godsey. The court further decreed:

"It is further ordered, adjudged and decreed by the court that under the proper construction of item four and item one of the codicil thereto, of the will of the said W. C. Godsey, deceased, the rents due the said Alice Godsey Griffeth is not due and payable to her until she has reached the age of thirty years and that the assignment is premature and that the trustees named in said item first of said codicil to said will in the discharge of their trust thereunder are the proper parties to collect said rents and allow them to accumulate in their hands until the said Alice Godsey Griffeth reached the age of thirty years.

"It is further ordered, adjudged and decreed by the court that the said R. L. Godsey as trustee, having given a good and solvent bond in the sum of $1,000 and the said Mrs. Kate Lenderson not having executed any bond and filed the same with the executors as such trustee, the said R. L. Godsey is directed to collect said rents, the same being one-half of the total rent of said building formerly occupied by the Bailey Hardware Company and later occupied by Hicks Furniture Company, situate in the Town of Dayton, Tennessee, and the same he will safely keep until she reaches the age of thirty years, and he will make reports when directed of his doings in the premises."

The court further adjudges the attorney's fees for the complainants to be paid out of the rents, and adjudges the costs both of this suit and of the suit in the Justice of the Peace Court against defendant, Mrs. Kate Lenderson.

The first, second and third assignments of error are as follows:

"I. Petitioners charge that the chancery court of Rhea county, Tennessee, erred in its decree sought to be reviewed in

this cause holding that Alice Godsey Griffeth was not entitled to receive the rents from her interest in the storehouse in Dayton, Tennessee, until she reached the age of thirty years, because:

"(a) The will of W. C. Godsey, deceased, vested immediate estate in the said devisee and does not direct that the enjoyment of the estate be postponed.

"(b) The will creating the trust for the collection of the rents of the interest in said property devised to said Alice Godsey Griffeth does not direct the accumulation of the rents in the hands of the trustee, and the trustees have no right to withhold and accumulate the rents without express authority.

"(c) The language of the will creating the trust shows the intention of the testator that the rents should be paid over as collected.

"II.   Petitioners further charge that the chancery court of Rhea county, Tennessee, erred in its said decree in holding that Mrs. Kate Lenderson had no cause of action against R. L. Godsey for rents which he had collected and failed to pay over, because:

"(a) He had no authority to collect rents on her one-half of the property, but was trustee de son tort of these rents.

"(b) The assignment to Mrs. Lenderson by her daughter, Mrs. Griffeth, was valid and vested the mother with the title and right to receive the rents upon the one-half interest belonging to Mrs. Griffeth.

"III.   Petitioners further charge that the chancery court of Rhea county, Tennessee, erred in its said decree in awarding injunction against Mrs. Kate Lenderson from prosecuting her suit against R. L. Godsey in the circuit court of Hamilton county, Tennesec, because:

"(a) No ground for injunctive relief is made in the bill.

"(b) No ground for injunctive relief is shown in the proof."

We think the assignments are well taken.   The codicil devised the property to Mrs. Kate Lenderson and Mrs. Alice Godsey Griffeth and merely appointed trustees to manage and collect rents as to the one-half of Mrs. Griffeth.   It was not the intention of the testator that these rents should be held by the trustees until Mrs. Griffeth was thirty years old, but it was the intention that these rents should go to Mrs. Griffeth.   The indications in the will itself show this.   The bond required of the trustees would not cover the rents until the devisee became thirty years of age.   Then if the testator had intended the rents to accumulate for so long a time, he certainly would have said something about investment looking to increase of the fund.

The devisee, Alice Godsey Griffeth was certainly more than a life tenant and a life tenant is entitled to all rents and income.   Forsey v. Luton, 39 Tenn., 187; Wood v. Sullivan, 1 Swan., 507; Pritchett v.

Nashville Trust Co., 96 Tenn., 477; In re: Turner, Trustee, 101 Tenn., 703.

The rule is that a trustee must pay over the income to the cestui que trust as the same is received unless the instrument creating the trust specially directs the accumulation of the income. 39 Cyc., p. 439.

Certainly there is no specific direction that these rents be held for accumulation during the long period until the devisee reaches the age of thirty.

Counsel for appellee say that they have no quarrel with the rule just stated, but they insist that Mrs. Griffeth is given no estate or interest in the property until she reaches the age of thirty years. On the contrary we think she is given the whole estate except such as vested in the trustees for mere management. The language of the will is ''and I therefore devise and bequeath to the said Mrs. Kate Lenderson and Mrs. Alice Godsey Griffeth said brick storehouse and lot . . .'' It is true, after providing for trustees to hold and manage the one-half interest of Mrs. Griffeth until she is thirty, the will provides that ''the trust shall then cease and said devisee will take said undivided one-half interest in said property in fee simple in her own right; in other words at that time the legal title in said undivided one-half interest will descend to her.'' This is not inconsistent with the language of the devise set out above. The devise is in the same terms to Mrs. Lenderson and to Mrs. Griffeth. Then the trust estate is created as to the latter one-half, leaving the whole estate in the devisee except such legal estate as vested in trust for management and control. Then at the end of the trust, the estate of the devisee becomes absolute she having then the legal as well as the equitable estate. There is nothing in all this to take the case out of the rule that when rents are collected by a trustee, they must be paid over to the beneficiary as collected. There is no direction to the contrary.

Counsel for appellee in support of their contention, quote the language of the will: ''It is also my desire that should the said Mrs. Alice Godsey Griffeth die without leaving issue, then her part or one-half shall go to Mrs. Kate Lenderson.'' Under the rule laid down in Meacham v. Graham, 98 Tenn. 190, and other cases, this means if the devisee dies without issue before the testator dies. She having survived the testator, this limitation is extinguished and Mrs. Griffeth takes an absolute estate subject to the trust until she is thirty years of age.

We see no reason why Mrs. Griffeth did not have the right to transfer and assign to her mother, Mrs. Lenderson, the rents collected and to be collected by the trustee from her one-half of the property. Mrs. Lenderson had a right to sue for the whole amount of rents in the hands of the trustee and the injunction in this case should not have

been granted, but the bill should have been dismissed. In view, however, of the policy of the law in encouraging trustees to observe strictly the terms of their trusts, we think the costs should be paid out of the trust fund in the hands of the trustee. R. L. Godsey being the only one of the trustees who gave bond and qualified as trustee, was entitled to act alone as such trustee.

The assignments of error are sustained and the decree of the court below is reversed. A decree will be entered here in accordance with this opinion.

Owen and Senter, JJ., concur.