Nashville Trust Co. *v*. Tyne *et al.*

(*Nashville*, December Term, 1951.)

Opinion filed August 15, 1952.

436

E. J. Walsh, of Nashville, for complainant.

William F. Barry, G. Henry Tyne and W. E. Norvell, Jr., all of Nashville, for defendants.

Laurence B. Howard, and Edwin A. Price, Jr., both of Nashville, Guardians Ad Litem.

Mr. Justice Gailor delivered the opinion of the Court.

The original bill was filed in the Chancery Court of Davidson County by the Trust Company, as Trustee of the will of Jane R. Tyne, deceased, against all her living issue, for a declaration and construction of her will as to certain stock dividends of the National Life & Accident Insurance Company, which had been declared and paid to the Complainant Trustee after the death of Mrs. Tyne and the commencement of the administration of the trust created by her will. The specific question presented for the Chancellor's decision was whether the stock dividends should legally be applied to increase the corpus of the trust estate, or whether they should be distributed as income under the provisions of the trust.

Guardians ad litem were appointed for the minor Defendants, who are grandchildren and great grandchildren of the testatrix, and answers were filed by the guardians for them, and by decree the guardians were authorized to enter into a stipulation. The adult Defendants filed answers. The facts necessary to a decision were incorporated in a formal stipulation, which was signed and filed, and on that record, after a full hearing, and after delivering a studied, careful and well-reasoned opinion, the Chancellor decreed:

(1) That the Statutes of Limitation pleaded by the guardians ad litem in their answers for the minors, were "not maintainable under the facts of this case."

(2) That the testatrix had no provision for the application of stock dividends in her will.

(3) That since the Massachusetts rule for the application of stock dividends was not the law in Tennessee, that the stock dividends should be distributed in accordance with the Pennsylvania rule and the stipulation, which provided that of the total of 35,908 shares of National Life stock, in the hands of the trustee when the bill was filed, 18,668 shares should be applied to corpus, and 17,240 shares be distributed as income.

From the decree, the guardians ad litem only have perfected this appeal. We consider the assignments of error in the course of the opinion.

Mrs. Jane R. Tyne, the widow of Thomas J. Tyne, a founder and the General Counsel of the National Life & Accident Insurance Company who had died in November 1936, herself died testate, December 16, 1939. By her will, she appointed the Nashville Trust Company her executor and trustee, and upon the residue of her estate, imposed a trust, the parts of which pertinent to the present controversy, are as follows:

"1. The Trustee shall collect, and during their respective lives, pay over to my husband, Thomas J. Tyne, and my children, Elleanore Tyne Barry, Thomas J. Tyne, Jr., William J. Tyne, G. Henry Tyne and Catherine Jane Tyne, in equal portions, *the entire net income* from said estate, said payments to be made as soon as practicable after such income is received by my said Trustee.

\* \* \* \* \* \*

"5. This trust shall continue during the respective lives of my said husband and children and until the death of the last survivor thereof." (Our emphasis.)

The principal asset of the Trust estate was stock in the National Life & Accident Insurance Company, represented by voting trust certificates of a voting trust set up by the founders of the Insurance Company, to maintain voting control of that corporation. This voting trust was set up December 20, 1928 and expired December 20, 1949, after which latter date the trustee received certificates for shares of corporate stock in exchange for the voting trust certificates theretofore in the possession of the trustee.

After Mrs. Tyne's death in 1939, her shares of stock had been increased by three stock dividends:—In 1940, by a stock dividend of 25%; in 1943, by a stock dividend of 100%; and in 1947, by a stock dividend of 50%. It is stipulated that the total number of shares representing stock dividends which are involved in the present controversy, is 17,240 shares.

In considering pleas of the Statutes of Limitation of three and six years, made by the guardians ad litem, it is first necessary to remember the nature of the action against which the pleas are directed. The Complainant, as trustee of "a direct express and continuing trust," filed this bill for a construction of the will and declaration by the Chancellor, of the legal duty of Complainant as such trustee, in the administration of the trust. The Complainant's bill is in the nature of an interpleader and seeks no relief from either the Appellants or the Appellees. The trust is still in process of administration. At this stage, and against this cause of action,

neither the three nor the six year Statutes of Limitation, both of which are pleaded by the guardians, can be maintained. *Jackson* v. *Dobbs,* 154 Tenn. 602, 609, 290 S. W. 402; *Church of Christ Home for Aged, Inc.* v. *Nashville Trust Co.,* 184 Tenn. 629, 639, 202 S. W. (2d) 178; *Third Nat. Bank v. Nashville Trust Co.,* 191 Tenn. 123, 132-133, 232 S. W. (2d) 7, and cases there cited. Furthermore, since the certificates of stock in controversy, are still in possession and control of the Complainant Trustee, there is no right nor equity in any one which could forestall a decree by the Chancellor directing the Complainant to administer the trust according to law.

There are three rules which have been announced by various Courts, to control the distribution of stock dividends between life tenants and remaindermen:

(1) By the Massachusetts rule, the medium of payment controls and if the dividend is paid in stock, it is corpus, and if in cash, it is income.

(2) By the Kentucky rule, the fact that the payment is a dividend, is controlling, and as such, it is declared to be income, whether payable in cash or stock.

(3) By the Pennsylvania rule, the continuing integrity and preservation of the corpus of the trust estate is the controlling factor, and if the payment of the dividend, whether cash or stock, impairs the corpus, by so much as the corpus is impaired, the dividend is corpus, and the rest is income.

There is a lengthy and complete annotation of the three rules with analysis of many cases in 130 A. L. R., at pages 492-591. It would needlessly prolong this opinion to repeat them here.

By its decision in the well-known case of *Pritchitt* v. *Nashville Trust Co.,* 96 Tenn. 472, 36 S. W. 1064, 33

L. R. A. 856, this Court expressly rejected the Massachusetts rule, saying:

"The life tenant of corporate stock is entitled to the undiminished benefit of its net earnings in any and every contingency. Less than that would not allow him the full use of the life estate. He has, at least, an inchoate interest and title in and to such earnings from the inception of his estate, and that interest and title reaches full maturity and becomes absolute when the corporation sees fit, in the course of its affairs, to cover those earnings by dividends, *in whatever form. If the dividends be paid in cash, he takes that, and, if in stock, he takes that."* 96 Tenn. at page 478, 36 S. W. 1066. (Our emphasis.)

The Pritchitt case was cited and approved in *In re Turner, Trustee,* 101 Tenn. 701, 50 S. W. 757, and *American Nat. Bank* v. *Embry,* 181 Tenn. 392, 401, 181 S. W. (2d) 356. We hold that this rejection of the Massachusetts rule, as it was announced by Judge Caldwell in the Pritchitt case, supra, and as it has remained the law of this State since 1896, has become a rule of property, which, under the doctrine of stare decisis, if it be altered, must be altered by the Legislature, and not by this Court. *Wilkins* v. *Chicago, St. L. & N. O. R. Co.,* 110 Tenn. 422, 455, 755 S. W. 1026; *Ewell* v. *Sneed,* 136 Tenn. 602, 626, 191 S. W. 131, 5 A. L. R. 303.

The Chancellor adopted the Pennsylvania rule, and since the life tenants who, alone, were adversely affected by the failure to apply the Kentucky rule, have not appealed, and do not insist that the Kentucky rule be applied, we find it unnecessary to consider the Kentucky rule for the decision of this case. Since all the stock dividends under consideration in the Pritchitt case, supra, were declared from net earnings or profits made

after the death of the testator, op. 96 Tenn. at page 474, 36 S. W. 1064, it was unnecessary for a decision in the Pritchitt case, to choose between the Pennsylvania and the Kentucky rules, and any inference from Judge Caldwell's lengthy quotation from, and consideration of Earp's Appeal, 28 Pa. 368, which is a basic authority for the Pennsylvania rule, is valuable merely as the opinion of that distinguished and learned Judge, of what the law in Tennessee should be.

Also, the argument of Appellants against the Pennsylvania rule, as being difficult and impossible to apply, is without force here, since the parties have expressly stipulated the details of its application,—viz.—that of the 35,908 shares of National Life & Accident Insurance Company stock in the hands of the trustee, 18,668 shares shall be applied to corpus, and the remaining 17,240 shares distributed to the life tenants as income.

██ ██ It results that the Chancellor's decree approving the Pennsylvania rule, and applying it here, must be affirmed unless the testatrix in the will, evidenced a different intention which we may effect. The will of Jane R. Tyne is complete and unambiguous. Dated December 30, 1935, it was drawn by a skilled lawyer. Both parties to this appeal have discussed two other contemporaneous family documents,—the will of the late Thomas J. Tyne, which was dated and signed March 8, 1930; and a trust inter vivos set up by Jane R. Tyne for a daughter, which is dated and signed July 9, 1937. Both the will of Thomas J. Tyne and the trust inter vivos made express provision for the application of stock dividends, but the will of Jane R. Tyne makes no mention of stock dividends nor provision for their application. Both the Appellants and the Appellees have found comfort in this omission. Since we hold that the will

of Jane R. Tyne is complete in itself, and without latent or patent ambiguity, consideration of oral or written evidence dehors the will is incompetent. If the omission of an express provision for the application of stock dividends in the will of Jane R. Tyne was accidental, and so a *casus omissus,* it is beyond judicial power to supply, unless the fact of omission be clear and demonstrable from language in the will itself, *Eatherly* v. *Eatherly,* 41 Tenn. 461; *Jobe* v. *Dillard,* 104 Tenn. 658, 661, 58 S. W. 324. There is no language in Mrs. Tyne's will that would justify an inference of any omission. As the will is silent and no intention of the testatrix is to be inferred, as a direction for the application of stock dividends, they must be applied in accordance with the principles of the general law of Tennessee.

"Special words were not necessary to vest the life tenant in this case with a right to stock dividends. The general bequest had that effect. Special words would have been necessary to deprive her of them, just as special words would have been required to deprive her of income on realty devised." *Pritchitt* v. *Nashville Trust Co.,* 96 Tenn. 472, 479-480, 36 S. W. 1066.

As we have seen, Tennessee law has definitely rejected the Massachusetts rule, and the Kentucky rule is not before us for application on this appeal, with the result that the Pennsylvania rule is to be applied in accord with the formal stipulation of the parties.

Decree of the Chancellor is affirmed, with costs of the appeal to be paid by the trustee, out of the funds of the estate, and the cause remanded to the Chancery Court to fix fees and for consideration of any other matters incidental and necessary to entry of a final decree.