## American Nat. Bank of Nashville *v.* Embry.

### (*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

394

Bass, Berry & Sims, of Nashville, for complainant-appellant.

John Bell Keeble and Keeble, Keeble & McGugin, all of Nashville, for defendant-appellee.

Mr. Justice Gailor delivered the opinion of the Court.

Complainant Bank as executor and trustee of the estate of Clara C. Leickhardt, deceased, filed its bill to have a declaration of its duties under that instrument declared with regard to the disposition of $12,691.60 of income which accrued to the estate between the death of the testatrix on the 10th day of July, 1941, and one year thereafter.

The bill was filed against John William Embry, a non-resident of Tennessee, and a nephew of the deceased testatrix. He was made a defendant because he was the beneficiary of the income of a trust set up by the will and as such, claimed the interest, rents and profits which accrued on the entire estate between the death of the testatrix and one year thereafter.

Complainant was advised by counsel that general pecuniary legacies in Tennessee do not bear interest until one year after the death of the testatrix and therefore when claim was made by the defendant to the income accruing during the year after the death of the testatrix, the executor filed its bill in the Chancery Court seeking a declaration of its proper course of action in that regard.

The cause was heard by the Chancellor on bill, answer and a stipulation of facts. He decreed that the defendant was entitled to the entire income accruing from the year after the death of the testatrix,—not only $8,500 which was income derived from what was ultimately the resi-

duary estate, but also the sum of $4,191.60, which was income derived from that part of the estate expended for taxes, other legacies and expenses of administration.

From this decree the complainant has perfected an appeal and assigned errors as follows:

"1. The Court erred in holding that the defendant, John William Embry, to the exclusion of all of the contingent remaindermen, is entitled to the income on the entire estate of Clara C. Leickhardt, from and after the date of her death, and in ordering the sum of $12,691.60 paid to the Defendant.

"2. The Court erred in refusing to hold that interest or income on a residual estate devised in trust, with a contingent devise over to others bore interest or income from the date of the death of the testator creating the trust estate, and not from a period one year after the date of death."

In support of these assignments complainant insists that under the present bequest the defendant is not entitled to the income accruing because the following rule of law is applicable: "The rule is that general pecuniary legacies bear interest from the time they become payable; that the time under the English Law was at the end of one year from the testator's death, unless the will fixed a different time; and although the time for the payment of legacies has been enlarged by statute in this State, the rule for the computation of interest remains unchanged." Sizer's Pritchard on Wills (2 Ed.), section 756, p. 860.

The language of the will by which the bequest of income to defendant is created is as follows: "Item XIII: "I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, and wherever situate, to the American National Bank of Nashville, as Trustee, to be held and invested by it in trust, as hereinafter pro-

vided, and to pay the net income thereof to John William Embry of Reading, Pennsylvania, the grandson of my cousin, William H. Heller, until such time as he shall reach the age of Thirty (30) years."

Does this define a "general pecuniary" legacy? We think not. On the contrary, it is a gift of *income* (interest, rents and profits) on the residuary estate. That a "general pecuniary" legacy which is a gift by will of a sum of money, is not the same as a gift of income from a trust fund, is obvious and universally recognized.

The defendant here takes a life estate in the *income* from the trust, which, if he survives the age of 30 years, will be enlarged to an absolute ownership of the *corpus*.

The only possible development that renders the present suit justiciable now, is that the life tenant may die before reaching 30 years of age, and so the decision of the present suit is a present settlement of the rights of a life tenant and his possible remaindermen.

The reason for the rule of nonpayment of interest on a legacy of a specified sum is that the gift being of a sum certain in money, the personal representative has a grace period in which to make conversion of property and raise the sum to be paid. If at the end of such period (in Tennessee, one year), he has not raised that money, the legatee was at common law, and in the absence of delay for which he, himself, was responsible, entitled to the sum certain of the legacy and in addition, interest at the legal rate. This is the reason for the rule as shown by the following authorities cited to support the quotation from Sizer's Pritchard on Wills; *supra*; *Jones* v. *Ward*, 18 Tenn., 160, 161; *Mills* v. *Mills*, 40 Tenn., 705, 706; *Darden, Ex'r* v. *Orgain & Wife et al.*, 45 Tenn. 211; *German, Executor, et al.* v. *German, Executor, etc.*, 47 Tenn., 180; *Harrison* v. *Henderson et al.*, 54 Tenn., 315.

■ That the foregoing rule does not apply to a bequest of income from a residuary trust is recognized by all the leading authorities on the Law of Trusts, to which we have had access:

"The general rule is now well established that when property is devised in trust to pay the income to a person for life or for a limited time, he is entitled to either actual or equitable income from the date of the testator's death, unless the testator has indicated an intention that the enjoyment of income shall not begin until some later date." 2 Perry on Trusts and Trustees (6 Ed.), 904, sec. 550n.

"Unless the testator has given an express or implied direction to the contrary; it is usually held that the income for the life *cestui* is intended to begin at the death of the settlor, and that the trustee should not add income received by the executor to the *corpus* of the trust." 4 Bogert on Trusts and Trustees, sec. 811, p. 2342.

"It seems clear that the income so received is to be treated as income and not as principal. There is no good reason why the life beneficiary should not be entitled to receive income accruing since the death of the testator, no reason why he should be without income during the period of administration in order that the principal should increase." 2 Scott on Trusts, section 234.3.

Compare: Restatement of the Law of Trusts, Vol. 1, sec. 234; Woerner's American Law of Administration (3 Ed.), p. 1573; 28 R. C. L. "Wills," p. 355; 40 Cyc. "Wills," p. 1882.

Counsel for complainant admits that the exact question here presented is one of first impression in Tennessee, but justifiably seeks a declaration as a precautionary measure and safeguard against future claims against the trustee.

Our attention is called to *dicta* in the opinion of *Fidelity Trust Co.* v. *Service Laundry Co.*, 160 Tenn., 57, 22 S. W. (2d), 6, but we think no pertinent authority is supplied thereby since the only question there determined was whether, under the legal construction of a will, the testator had created a trust fund of $100,000, with such income as was derived payable equally to two beneficiaries, or whether he had created a trust in such amount as should be sufficient to pay each beneficiary $3,000 per year, in any event. The Court decided this question but reversed and remanded on other matters because of the insufficiency of the stipulation of facts.

Each will creating a trust must be construed primarily by the language used and the intention of the testator as there expressed, but upon the elementary principle that a will speaks from the death of the testator and that the *residuum* of the estate is set up at the time of death, subject only to expenses, debts and legacies, there seems every reason why the gift of the income from such *residuum* should be effective from the death of the testator.

Some reliance is had by complainant upon the opinion in *Morgan et al.* v. *Pope et al.*, 47 Tenn., 541, to support his contention for the "one year rule," but we think it is entirely dissimilar in its essential elements and furnishes no authority for a decision of the case before us. There the language which created an *annuity* was as follows: ". . . with the proviso that 'my executors shall pay annually, out of the income of my estate, if it be not very seriously impaired by the war, five hundred dollars, to support my daughter, Maria Morgan, and her three children; and three hundred, to support the children of Dr. John Pope, deceased.'" 47 Tenn., at page 543.

The executors were required *to pay annually* certain sums to the beneficiaries, out of income. Obviously, they could only make these annual payments after sufficient income had accrued, but also from the opinion we deduce that the accruals would date back to the death of the testator and not to a date one year thereafter, so that the first payment of the annuity would be properly made one year after testator's death out of income which had accrued *ad interim.*

This "one year" rule is applicable only to a claim by a legatee for interest *in addition* to the principal sum of the legacy bequeathed by the will.

█ Here the gift itself was a gift of income. There is no contention that the executor should pay interest on or in addition to the income that actually accrued. By the great weight of authority, the residuary estate. is set up as of the date of the death of the testator, subject to be charged with, and so diminished by taxes, other legacies and the expenses of administration. *Treadwell* v. *Cordis*, 5 Gray (Mass.), 341, 348; *Wachovia Bank & Trust Company* v. *Jones*, 210 N. C., 339, 186 S. E., 335, 105 A. L. R., 1189.

And since the testatrix might have fixed another time for the beneficiaries to commence to enjoy the income (as in *Nashville & American Tr. Co.* v. *Baxter*, 171 Tenn., 494, 105 S. W. (2d), 108, 114 A. L. R., 451, where it was 90 days) but did not, the general rule applies, the will speaks from the death and the gift of income was completed at that time.

This was held to be the law in *Harrison* v. *Henderson*, 54 Tenn., 315 (cited in Sizer's Pritchard on Wills, *supra*, in exposition of the "one year rule") where the testator provided for the accumulation of income during the life of a son-in-law, with the provision that the daughter should

take the accumulated income when she became a widow. It was there held that the income should be accumulated from the date of testator's death. The case of *Cole* v. *Edwards, infra,* was not an exception to this view, but there the present enjoyment was *necessarily* deferred because of the conversion of property which the trustee had to make before income was earned. This is manifest from the following language of the opinion: "*In the present case, in view of the time required for the conversion,* we are of the opinion that the rule should apply of allowing . . . one year from the testator's death, . . ." (Emphasis ours.) *Cole* v. *Edwards* (Tenn. Ch. App.), 62 S. W., 641, 655.

█ In the present case it is not insisted, nor does it appear from the will, that any conversions were or had to be made. The functions of executor and trustee were vested in the same corporation, and the trustee was given the widest discretion and most liberal powers for the investment of the trust funds. The restrictions of Tennessee Law as to such investment were expressly waived by Article XIII of the will and it is stipulated that the estate was fully administered at the time the original bill was filed in this cause. For the reasons stated, we hold that this is not a general pecuniary legacy and that defendant is entitled to income on the residuary estate from the date of the death of testatrix.

It remains to consider whether in addition to the income of $8,500 accrued on the residuary estate as finally defined, the additional $4,191.60, the amount of income accruing on the part of the *corpus* of the estate paid out by the executor during the administration, should be paid to the defendant or added by complainant to the *corpus.*

In the will before us there is nothing to indicate that the testatrix had a special interest in the remaindermen or knew who they were or might be. We think that only by some provision of the will would there be authority for departure from the general rule, laid down in a number of our cases in controversies over income between the life tenant and remaindermen and clearly defined in the following language:

"The life tenant may not diminish the *corpus*, nor the remainder-man the use; and what they may not do themselves others may not do for them. The life tenant may not be deprived of the use to augment the *corpus*, nor the remainder-man of the *corpus* to augment the use. The right to the use of the property entitles the life tenant to its net income. As applied to land, it entitles him to the crops or rents; as applied to money or bonds, it entitles him to the interest; and as applied to corporate stock, it should, upon the same reasoning, entitle him to the net earnings.

. . .

"The life tenant of corporate stock is entitled to the undiminished benefit of its net earnings in any and every contingency. Less than that would not allow him the full use of the life estate. . . .

"Present enjoyment is the very essence of a life estate. Without it the gift would be meaningless and worthless." *Pritchitt* v. *Nashville Trust Co.*, 96 Tenn., 472, 477, 478, 479, 36 S. W., 1064, 1065, 33 L. R. A., 856.

The exact question was presented in a North Carolina case, discussed by counsel for both complainant and defendant in the briefs before us. There, under a will, property was left in trust, with income payable to the children of the testator: The net income during adminis-

tration was $59,645.68, and of this, $11,946.13 was income from that part of the *corpus* used in paying legacies, taxes and other expenses. The Supreme Court of North Carolina held that the latter amount was income, that it should be paid as such to the beneficiaries and should not be added to the *corpus* of the estate. *Wachovia Bank & Trust Co.* v. *Jones*, 210 N. C., 339, 186 S. E., 335, 337, 105 A. L. R., 1189.

We find from our own investigation, no precedent on this exact question from reported opinions of this Court. Counsel for both parties admit that it is a question of first impression in Tennessee. There are two conflicting rules, the so-called ''Massachusetts Rule,'' under which the income from the entire estate is payable to the beneficiaries of the income under the trust, and the ''English'' or ''Common Law'' Rule, under which the beneficiaries of income take only such income as is derived, during the period of administration, from the amount which actually and ultimately constitutes the residuary estate. Under this rule, the balance of the income is added to the *corpus* of the estate.

Obviously, the latter rule, by strict reasoning, complies with the language of the will and confines the gift of income to that which actually accrues from the residuary estate.

Since, however, we are not restricted in our decision by any former published opinion of this Court, and since there is apparently no great weight of authority from the reported decisions of the courts of other States to guide us, our most useful duty is to select and apply that rule which is most practical and simplest to obey.

Our study of the question discloses that for some years there was a sharp difference between the opinion of the

highest courts of Massachusetts (*Old Colony Trust Co.* v. *Smith*, 266 Mass., 500, 165 N. E., 657, 658); New Jersey (*Berger* v. *Burnett*, 95 N. J. Eq., 643, 123 A., 879); and Rhode Island (*City Bank Farmers Trust Co.* v. *Taylor*, 53 R. I., 126, 163 A., 734), which followed the "Massachusetts Rule," and allowed payment to beneficiaries of income on the entire estate; and those of the Appellate Courts of New York (*Williamson* v. *Williamson*, 6 Paige, N. Y., 298; *Matter of Accounting of Benson*, 96 N. Y., 499, 48 Am. Rep., 646; *Lawrence* v. *Littlefield*, 215 N. Y., 561, 577, 109 N. E., 611), which substantially followed the "English" or "Common Law" Rule, and allowed income to the beneficiaries only in the amount that actually accrued on the ultimate residuary estate.

Finally, in 1931, the law in New York was changed by Act of the Legislature and the Massachusetts Rule was made to apply in that State under New York Laws, chap. 706, Personal Property Law, Consol. Laws, chap. 41, sec. 17-b, which provides in part: "Unless otherwise expressly provided by the will of a person dying after this act takes effect, all income from real and personal property earned during the period of administration of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed *pro rata* as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate. None of such income shall, after such distribution, be added to the capital of the residuary estate the whole or any part of which is devised or bequeathed in trust or for life or for a term of years, but shall be paid ratably to the life beneficiary of a trust, or to the life tenant, or to the absolute residuary legatee, as the case may be. Unless otherwise directed

in the will, income shall be payable to the life beneficiaries of trusts, or to life tenants from the date of testator's death.''

It is clear from the passage of this Act by the Legislature of New York in 1931, and from the decision of *Wachovia Bank & Trust Co.* v. *Jones, supra,* in 1936, which is the most recent case which has come to our attention, that the application of the ''Massachusetts Rule'' has been approved by experience, as most reasonable and practical. Not only does it relieve the executor and trustee from complex accounting, and the consequent burden of changed decisions, which may be made necessary, as the administration progresses, but it offers a clear and simple rule upon which a testator may rely, if he so desires, or from which he may depart if he so writes his will.

█ for the reasons stated, we think the ''Massachusetts Rule'' has been approved, by practical experience, and we hold, therefore, that in the instant case the defendant should be allowed the entire amount of income accruing during the period of administration.

It results that the assignments of error are overruled, the decree of the Chancellor is affirmed, and the complainant will pay the costs of the appeal out of the funds and in the manner prescribed for the costs in the Chancery Court.