# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

| | | |
|---|---|---|
| | ) | |
| **UNION PLANTERS NATIONAL** | ) | Shelby County Probate |
| **BANK, as Executor and Trustee** | ) | No. B-13047 |
| **Under the Will of JAMES A. LeROY,** | ) | |
| **Deceased,** | ) | |
| | ) | |
| Petitioner/Appellant. | ) | |
| | ) | |
| VS. | ) | C.A. No. 02A01-9701-PB-00026 |
| | ) | |
| **BETTYE CLAIRE REINHARDT** | ) | |
| **DEDMAN, JOHN DEDMAN, BERNICE** | ) | |
| **A. LeROY, JILL LeROY DIMICELI** | ) | |
| **and SUE LeROY HENDERSON,** | ) | |
| | ) | |
| Respondents/Appellees. | ) | |
| | ) | |

**FILED**

**January 7, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Probate Court of Shelby County at Memphis.
**Honorable Leonard Pierotti, Judge**

**Marion S. Boyd, Jr.**, WYATT, TARRANT & COMBS, Memphis, Tennessee
Attorney for Petitioner/Appellant.

**Allan J. Wade**, BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee
Attorney for Respondents/Appellees.

OPINION FILED:

**REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Union Planters National Bank ("Bank"), as executor for the estate of James A. LeRoy ("Testator"), filed an action in the Probate Court of Shelby County for probate of Testator's will on January 5, 1989. Bank subsequently filed suit for declaratory judgment against the beneficiaries and legatees of Testator's property ("appellees") alleging that the residuary estate provided for in Testator's will to pay all death taxes was insufficient to cover his tax liability and seeking restitution from the appellees for their proportional share. Dedman appellees responded by contending that the post-death appreciation of residuary estate assets and the receipt of income from those assets had sufficiently increased the value of the residuary estate to enable it to sufficiently cover all death taxes requested by Bank. The Special Master appointed by the trial judge confirmed the sufficiency of the residuary estate on the date the taxes were due. The trial court entered judgment for appellees confirming the report of the Special Master finding that there was no shortfall in the residuary estate established by the testator in his will and thus rendering appellees not liable to Bank for reimbursement of death taxes in any amount. We find the decision of the lower court as to the issue of post-death income to the residuary trust to be in error and remand. Due to the complicated facts of this case and our determination that one issue in this case requires a remand to the lower court, we will only present the facts relevant to that issue.

Testator executed his will in 1977, eleven years prior to his death on December 16, 1988. At the time he executed his will, Testator's immediate family consisted of two daughters, appellees Jill Dimiceli and Sue Henderson and his wife, appellee Bernice LeRoy, to whom he remained married until his death. The will established a marital trust for the benefit of Testator's widow and a residuary trust for the benefit of the widow, his daughters and other lineal descendants. The income of the residuary trust was specifically devised to Testator's wife and daughters.

A year after the will's execution, Testator entered into a relationship with appellee Bettye Dedman. They began living together in April 1981 and in June 1982, Ms. Dedman was made beneficiary of Testator's life insurance policy from which she received approximately $400,000 upon his death. Testator also made other gifts to Ms. Dedman including a Germantown condominium where they lived prior to Testator's death. Ms. Dedman's benefits were included in Testator's gross estate for state inheritance tax and federal estate tax purposes. Testator's death tax liability totaled approximately $562,000.

Testator's will contained the following tax clause:

> I direct that there shall be paid out of that portion of my residuary estate which is not included in the share qualifying for the marital deduction, without apportionment, all estate, inheritance, succession and other taxes . . . assessed by reason of my death, imposed by the government of the United States, or any State . . . in respect of all property required to be included in my gross estate for estate or like tax purposes by any such governments, whether the property passes under this Will or otherwise, including property over which I have a power of appointment, without contribution by any recipient of any such property.

This clause was interpreted as demonstrating Testator's intent to pay all death taxes from his residuary estate, including the taxes on the life insurance payment to Ms. Dedman. Because the total value of the residuary estate had not been determined, Bank, as executor, paid the tax liability in full from assets in its possession on September 18, 1989. Bank contends that this payment of death taxes has left it unable to fully fund the marital bequest. This insufficiency is the basis of Bank's claim against the Dedman appellees. Bank maintains that the residuary estate is properly valued as of Testator's date of death and asserts that, on that date, the residuary estate was inadequate to satisfy the entire tax obligation.

Bank asserts that the Dedman appellees should bear the entire brunt of the shortfall and should be denied the benefits of the tax clause since Testator was not even acquainted with them at the date of execution of his will and, thus, did not intend that they benefit therefrom. Bank further asserts that the post-death increases of income are properly included within the residuary estate for the benefit of its beneficiaries, the testator's "nearest and dearest," his wife and two daughters. Bank asserts that this is the only way that the will and its tax clause can be given effect as written.

While it is undisputed that the residuary estate was insufficient to pay the taxes as of the date of the Testator's death, the Dedman appellees argue that Testator's date of death is not the proper valuation date and that the residuary estate was sufficient to meet the tax burden due to the appreciation of assets and the receipt of income since the Testator's death.

The trial court determined that the assets of the residuary estate were to be valued as

of the date that the death taxes were due and payable and that the residuary estate should be increased by the amount of the residuary estate's net income accrued subsequent to Testator's death, but which remained undistributed on September 18, 1989. The court confirmed the report of the Special Master that no shortfall in the residuary estate existed on the date that the death taxes were due and payable.

When the trial court and the master agree on an issue of fact, such findings are conclusive on appeal if supported by any material evidence. *In re Estate of Tipps,* 907 S.W.2d 400, 403 (Tenn. 1995). However, our scope of review regarding questions of law is *de novo* with no presumption of correctness. *Briggs v. Riversound Ltd. Partnership*, 942 S.W.2d 529, 531 (Tenn. Ct. App. 1996).

Although both sides in this appeal raised several complicated issues for review, the central issues revolve around the valuation of the residuary estate and whether it was sufficient to satisfy the tax burden assessed against it. Of particular importance to the resolution of this matter is the issue of post-death income to the residuary estate. The trial court found that, on the date the taxes were due and payable, the residuary estate had increased to the point it was sufficient to pay the taxes. However, this increase was due to the appreciation of assets and the receipt of income during the period after the Testator's death, but before the taxes were due. It is in the disposition of this increase that the trial court erred.

The Testator's will established a residuary trust which was comprised of all the assets in his residuary estate. The Testator directed the trustees of the residuary trust to

> [R]emit such part of the net income therefrom as they shall determine
> to be reasonably required for the reasonable maintenance and support
> of my wife, BERNICE A. LeROY, . . . so long as she shall live. That
> portion of the net income which shall not be distributed to . . . my
> said wife shall be distributed equally to my daughters SUE ANN L.
> HENDERSON and JILL MARIE L. DIMICELI.

This language clearly establishes the Testator's intent to give the net income of the residuary trust to his wife and daughters.

A gift of "net income" means that the beneficiary of the gift receives the income "from the property, fund and the like after deducting periodic recurring taxes and other expenses which are necessary to the preservation of the property from which the income is derived or which are necessary to earn the income, to keep account of it, and the like." 5 William J. Bowe & Douglas H. Parker, *Page on the Law of Wills* § 39.3 (4th ed. 1962). While the term net income would seem to refer to income after the deduction for administrative expenses associated with the residuary estate, we do not take the term to include death taxes incurred by the Testator's estate as a whole.

As to the issue of whether these beneficiaries are due the income from the death of the Testator or whether this income becomes part of the residuary which may be used to satisfy the death taxes of the estate, our court has adopted the "Massachusetts Rule". *American Nat'l Bank of Nashville v. Embry*, 181 Tenn. 392, 181 S.W.2d 356 (Tenn. 1944). This rule gives the beneficiaries of the income the income from the entire residuary estate rather than merely the income earned from the portion of the residuary estate which remains after the satisfaction of all debts and expenses. *Id*. As the court said in *Embry*:

> It is clear . . . that the application of the 'Massachusetts Rule' has been approved by experience, as most reasonable and practical. Not only does it relieve the executor and trustee from complex accounting, and the consequent burden of changed decisions, which may be made necessary, as the administration progresses, but it offers a clear and simple rule upon which a testator may rely, if he so desires, or from which he may depart if he so writes his will.

*Id*. at 360-361.

Therefore, the post-death income to the residuary estate, as distinguished from the appreciation of assets, may not properly be utilized in the satisfaction of the death taxes. In this case, despite the need for judicial economy, we feel we have no choice but to remand this case for calculation of the residuary estate consistent with this opinion. Therefore, the remaining issues are pretermitted. Costs in this cause on appeal are taxed one-half to the appellant and one-half to the appellees.

_____          FARMER, J.


_____
CRAWFORD, P.J., W.S. (Concurs)


_____
LILLARD, J. (Concurs)