# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 30, 2001 Session

## UNION PLANTERS NATIONAL BANK as Executor and Trustee of the Will of JAMES A. LeROY, deceased v. BETTYE CLAIRE REINHARDT DEDMAN, ET AL.

### Direct Appeal from the Probate Court for Shelby County
### No. B-13047     Robert S. Benham, Judge

---

### No. W2001-00411-COA-R3-CV - Filed October 19, 2001

---

This case is a dispute over the correct valuation of the residuary portion of Testator's estate for purposes of determining whether it was sufficient to pay estate taxes where Testator had directed by Will that such taxes be paid from the residuary. Testator's executor submits that the correct valuation date is the date of death; that neither post-death income nor appreciation of assets in the residuary should be included in the valuation; that income tax paid by the estate on income with respect to a decedent (IRD) should be included in a calculation of the death tax fund deficiency; that attorney's fees incurred as a result of protracted litigation should be included in the death tax fund deficiency calculation. Executor asks us to determine whether such deficiencies are apportionable among those receiving gifts passing outside of probate. We hold that the correct valuation date of the residuary for the purpose of determining its sufficiency to pay the death taxes is the date of Testator's death. Post-death increases should not be utilized. If the residuary on the date of death was insufficient to pay the estate taxes, these taxes are apportionable among all those interested in the estate. We further hold that although the IRD income tax and attorney's fees reduce the estate, they are not includible in the death tax fund deficiency so as to be apportionable to recipients of out of probate transfers.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed in part; Reversed in part; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Marion S. Boyd, Jr., Memphis, Tennessee, for the appellant, Union Planters National Bank, as Executor and Trustee under the Will of James A. LeRoy, deceased.

Allan J. Wade, Memphis, Tennessee, for the appellees, Betty Claire Reinhardt Dedman, John Dedman, Bernice A. LeRoy, Jill LeRoy Dimiceli, and Sue LeRoy Henderson.

# OPINION

Decedent James Leroy executed his Last Will and Testament in 1977, eleven years prior to his death in1988. In his Will, Mr. Leroy specifically directed:

> [T]here shall be paid out of that portion of my residuary estate which is not included in the share qualifying for the marital deduction, without apportionment, all estate, inheritance, succession, and other taxes . . . assessed by reason of my death ... in respect of all property required to be included in my gross estate for estate or like tax purposes . . . whether the property passes under this Will or otherwise . . . .

He further directed that the residue and remainder of his estate be held in trust by Union Planters Bank of Memphis. The income to this residuary trust was to be distributed to Mr. LeRoy's wife as reasonably required for her support and maintenance. Debts, expenses and costs of administration were to be borne by the estate.

Mr. LeRoy remained married to his wife, Bernice, until his death in 1988. In 1978, however, a year after he executed his will, Mr. Leroy entered into a relationship with Appellee Bettye Claire Reinhardt Dedman (Ms. Dedman). They began living together in 1981. When Mr. LeRoy died, Ms. Dedman was the beneficiary of a life insurance policy from which she received $400,000. Ms. Dedman also received a home in Germantown from Mr. LeRoy, where they had lived prior to his death. These out-of-probate benefits were included in Mr. LeRoy's gross estate for state inheritance and federal estate tax purposes. Mr. LeRoy's total death tax liability was approximately $566,000. Federal taxes paid on income in respect to a decedent totaled over $132,000.

Union Planters National Bank ("Bank"), as executor for the estate of Mr. LeRoy, filed an action in Probate Court of Shelby County on January 5, 1989. This protracted and complicated dispute began when Bank subsequently filed suit for declaratory judgment, alleging that the residuary estate was insufficient to cover the tax liability. Bank sought restitution from Appellees for their proportional share. Appellees asserted that the post-death appreciation of the residuary estate and the income from those assets had increased the value of the residuary so that it was sufficient to pay the taxes. The trial court appointed a Special Master, who confirmed the sufficiency of the residuary on the date the taxes were due. The trial court then entered judgment for Appellees. Bank appealed, and this Court found the valuation of the residuary as determined by the trial court to be in error and the case was remanded. This Court pretermitted all issues other than that of the valuation determination.

Upon remand, the trial court re-valued the residuary, excluding post-death income but including post-death appreciation of assets. The trial court again found no short-fall in the residuary and we find this case once again on appeal.

The issues raised in this appeal, as we perceive them, are:

(1) Did the trial court again err in its valuation of the residuary in light of the holding of this Court in 1998?

(2) Should the $132,392 federal income tax liability be included in the death tax fund deficiency calculations?

(3) Should $50,000 court approved attorney's fees be allowed as a deduction from the residuary estate for purposes of determining the amount of Mr. LeRoy's death tax fund.

(4) Should a $90,000 court-approved supplemental attorney's fee be included in determining the amount of the death tax fund?

(5) Should Bank recover pre-judgment interest from Respondents on their respective shares of the short-fall in the death tax fund from the date on which taxes were paid, September 18, 1989, until paid?

In sum, Bank asks this Court to (i) determine whether the death tax liability exceed the amount of the death tax fund and (ii) to determine how this shortfall in the death tax fund must be apportioned among persons interested in the estate as defined in Tenn. Code Ann. 30-2-614(a).

(6) Appellees raise the additional issue as to whether all issues other than that of the valuation of the estate are res judicata in light of this Court's 1998 instructions upon remand.

We first dispense with Appellees' assertion that issues raised in this appeal are res judicata. In our 1998 opinion, we addressed only the issue of the correct valuation of Mr. LeRoy's estate. All other issues were pretermitted. ***Union Planters Nat'l Bank v. Dedman***, No. 02A01-9701-PB-00026, 1998 WL 3342, at *3 (Tenn. Ct. App. Jan. 7, 1998) (***no perm. app. filed***) (***Union Planters I***). Pretermission of an issue does not make it res judicata. Pretermit is defined by Webster's Dictionary as " to let pass without mention or notice" or "to leave undone." ***Webster's Ninth New Collegiate Dictionary*** 932 (1991). Thus our remand instructions did not render other issues raised in the case res judicata. These issues were pretermitted, not mentioned, because the primary issue, as we perceived it, was that of the correct valuation date of the residuary estate.

### *Standard of Review*

The facts in this case are undisputed and the issues raised are matters of law. With respect to a trial court's legal conclusions, our review is de novo with no presumption of correctness. ***See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

*Valuation Date of the Residuary*

The trial court's determination of the valuation of the residuary on remand reflects some ambiguity in our remand instructions in *Union Planters I*, which we hope to clarify here. The essence of the question concerns the appropriate date on which the value of the residuary estate should be determined. An important element of this question, for the purposes of this case, is whether income generated by the residuary, and appreciation of assets in the residuary, should be considered in the valuation for the purposes of determining whether the residuary held sufficient assets to pay the tax liability of the estate. We hold that the date for valuation of the residuary is the date of death. Neither income to the residuary nor the appreciation of assets in the residuary should be utilized to determine the sufficiency of the residuary to pay the estate taxes.

In *Union Planters I*, we found that the trial court had included post-death income and appreciation of assets when it determined that the residuary estate was sufficient to pay the tax liability. *Union Planters Nat'l Bank v. Dedman*, 1198 WL 3342, at \*2. This Court held, "It is in the disposition of this *increase* that the trial court erred." *Id*. (emphasis added). We emphasized that Tennessee has adopted the "Massachusetts Rule" regarding the issue of who is entitled to post-death income from the residuary estate. *Id*. at \*3. Accordingly, the beneficiaries of a gift of the net income from property receive the income from the date of the testator's death. *American Nat'l Bank of Nashville v. Embry*, 181 S.W.2d 356, 404 (Tenn. Ct. App. 1944). This includes all income earned during the period of administration. *Id*. at 403. None of this income should be added to the capital of the residuary estate. *Id*. While *Embry* addressed only the issue of income, its reasoning and the application of the Massachusetts Rule are equally applicable to the appreciation of assets.

The valuation date for determination of the inheritance tax is the date of death. Tenn. Code Ann. § 67-8-412. Since the taxable value date of the estate for inheritance tax purposes is the date of death, it seems consistent to find that the residuary charged with paying those taxes should be the residuary as valued on the same date, the date of death. Coupled with the assignment of income as governed by *Embry* and the Massachusetts Rule, this would preclude utilizing the increase to the residuary to satisfy the taxes where the income and assets were disposed of otherwise by Will, whether that increase be from income or appreciation of assets which generate that income. Accordingly, we hold that neither the income from nor the post-death appreciation of assets in the residuary should be included in the computation of funds available to pay the death taxes.

### *Inclusion of the Federal Income Tax Liability in the Death Tax Fund*

Bank here submits that it was error for the trial court to exclude the $132,392 federal income tax liability on "income in respect of a decedent," (IRD) as required by I.R.C. § 691, from its calculations to determine the sufficiency of the residuary estate to pay the death taxes.

IRD includes amounts of gross income to which a decedent was entitled but that were not includible in his final income tax return for the period ending on the date of his death. 2001 (10) CCH-Stand. Fed. Tax. Rep. ¶ 24,906.01. In general, it is taxable to the recipient of the income. *Id*.

The value of the IRD is includible in the decedent's gross estate for estate tax purposes. *Id*. If it is the estate which actually receives the IRD, the estate is taxed on it. *Id*. ¶ 24,906.023. To avoid double taxation of IRD, the Tax Code permits the entity paying income tax on IRD to deduct the estate tax attributable to it. *Id*. ¶ 24,906.01; Treas. Reg § 1.691(c)-1(a) .

Bank asserts that the amount of income tax paid on the IRD should be included in the amount of any death tax fund deficiency. At this juncture, we note that Bank asks this Court to determine how any deficiencies in the death tax fund should be apportioned among the respondents.

In Tennessee, equitable apportionment of estate taxes is the statutory default rule. Section 30-2-614(b) of the Tennessee Code provides:

> Whenever the personal representative of an estate has paid an estate or death tax to the government of the United States under any federal tax law ... any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among persons interested in the estate to whom such property is or may be transferred . . . *in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value* . . . received by all such persons interested in the estate.

Tenn. Code Ann. § 30-2-614(b)(2000) (emphasis added).

The statute further provides:

> So far as is practicable, and unless otherwise directed by the will of the decedent, the tax shall be paid by the personal representative, as such, out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into the possession of the personal representative, as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section.

Tenn. Code Ann. § 30-2-614(c)(2000).

In this case, Mr. LeRoy's clear direction in his Will was:

> I direct that there shall be paid out of that portion of my residuary estate which is not included in the share qualifying for the marital deduction, without apportionment, all estate, inheritance, succession and other taxes . . . assessed by reason of my death . . . whether the property passes under this Will or otherwise . . . without contribution by any recipient of such property.

However, if the designated part of the residuary is insufficient to pay such taxes, the default statutory rule of apportionment controls.[1]

We have already determined that the post-death appreciation of assets in the residuary should not be utilized to determine the value of the residuary insofar as its sufficiency to pay the death taxes. If this reduction results in the residuary being in fact insufficient to pay these taxes, the estate taxes must be equitably prorated among all those interested in the estate.

However, this is not commensurate to saying that taxes on IRD should be included in the death tax fund deficiency and likewise be apportioned. While the IRD value is includible in the value of the gross estate for estate tax purposes, the Tax Code allows the entity incurring the IRD tax to deduct the estate tax attributable to it. (2001) 10 CCH-Stand. Fed. Tax Rep. ¶ 24.900.01; 24,911.01 The purpose of this deduction is to avoid double taxation of IRD by imposing both income and estate taxes on it. *Estate of Wedell Cherry v. United States*, 133 F.Supp.2d 949, 950 (W.D. Kentucky Jan. 24, 2001) (citing *United California Bank v. United States*, 439 U.S. 180, 187 (1978)).

The $132,392 tax on income in respect to a decedent is an income tax, not an estate tax. To the extent that Mr. LeRoy's estate has paid estate taxes on the value of this income, the estate is permitted a deduction from the income tax. It does not follow that this income tax should then be included in the "death tax fund deficiency," if there is such a deficiency, so as to be apportioned among recipients of gifts passing outside of probate. As noted above, IRD taxes are income taxes payable by the person receiving that income which would have been received by the decedent had he lived.

We find nothing in the statutes or cases indicating that this income tax should be apportioned among out-of-probate recipients. The value of the IRD has already been included in the gross estate. It is the estate taxes on this gross estate which are then apportioned under Tenn. Code Ann. § 30-2-614(a) (regarding federal estate tax) and section 67-8-417(c). Persons benefitting from the gross taxable estate are liable for the estate taxes "*in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value*." Tenn. Code Ann. § 30-2-614(b)(2000) (emphasis added). Indeed, IRD passing outside of the estate is taxable to the person receiving it. (2001) 10 CCH-Stand. Fed. Tax Rep. ¶ 24,900.01. Further, if the estate merely holds an instrument that gives rise to a right of IRD and transfers that right to a legatee before the income is received, it is the legatee who is taxed when the income is in fact received. *Id*. at ¶ 24,900.023. If the estate receives IRD, it is the estate which is taxed on it. *Id*.

---

[1] *See, e.g., Matter of Collia*, 123 Misc.2d 1014, 475 N.Y.S.2d 237, 240 (N.Y. Surr. Ct. 1984). While there is little Tennessee case law on whether apportionment necessarily follows as the default rule when a will directs taxes to be paid from a residuary which is determined to be insufficient to pay those taxes, New York case law is highly persuasive on this issue, as the Tennessee apportionment statute was modeled after the New York statute. *In re Estate of Caldwell v. Woods*, No. 1, 1989 WL 11738, at *3 (Tenn. Ct. App. Feb. 15, 1989).

In light of the foregoing, we cannot hold that the trial court erred by declining to include the $132,392 in income taxes paid on IRD in its calculations of a possible deficiency of the death tax fund in order to apportion the deficiency among the respondents.

### *Inclusion of Attorney's Fees in the Death Tax Fund Deficiency*

Bank also submits that the $140,000 incurred in legal fees over the past 11 years should enjoy super-priority status as expenses of administration, and that these fees should be included in the estate's death tax fund deficiency. We again note that Bank asks this Court to apportion any deficiencies in the death tax fund among the Appellees. Bank's argument, as we understand it, is that the legal fees incurred by the estate reduce the residuary estate, adding to the deficiency in the death tax fund of the estate. This death tax fund deficiency, Bank suggests, should be apportioned among respondents who received out-of-probate gifts from Mr. LeRoy.

As Bank points out, costs of administration are given statutory priority as a claim against an estate. The Tennessee Code states:

> All claims or demands against the estate of any deceased person shall be divided into the following classifications, which shall have priority in the order shown:
>
> (1) First: Costs of administration, including . . . reasonable compensations to the personal representative and his counsel.

Tenn. Code Ann. § 30-2-317(a)(1)(2000).

When executors retain legal counsel, they are liable for the legal fees until a court determines that the legal services were required and that the fee was reasonable. *In re Estate of Wallace v. Collier*, 829 S.W.2d 696, 703 (Tenn. Ct. App. 1992). Attorney's fees may be charged to the estate as an administrative expense if they can be shown to have been required and to inure to the benefit of the entire estate and not to one or more of the interested parties. *Id.* Administration expenses are ordinarily payable from the general estate. *In re Estate of Caldwell v. Woods*, 1989 WL 11738, at *3. Here, the $140,000 in attorney's fees have been court approved. It does not necessarily follow, however, that such expenses should be included as a charge against a death tax fund per se. Rather, such expenses are charged back to the general estate.

The Tennessee Supreme Court addressed the question of whether defendants could be held personally liable for the payment of attorney's fees arising from protracted litigation regarding gifts which passed to them outside of probate in *McAdoo v. Dickson*. *McAdoo v. Dickson*, 136 S.W.2d 517 (Tenn. 1940). The Court held that while attorney fees incurred in good faith for the purpose of benefitting or protecting an estate are allowed, payment for such fees cannot be exacted from assets which did not pass to the personal representative. *Id*. at 519. The Court held that administrators cannot incur expenses in excess of the assets which belong to the estate. *Id*. at 520.

In this case, Mr. LeRoy directed in his Will that costs of administration were to be borne by his estate. To the extent that these expenses bring the residuary to zero, they are includible in the residuary deficiency. However, Bank cites no law, and we find none, to support apportionment of administrative expenses if the residuary is insufficient to pay them. These expenses are chargeable to the general estate.

### *Prejudgment Interest*

Bank here seeks prejudgment interest on the amount of death taxes, if any, due from Appellees upon apportionment of the death taxes. Bank contends that such interest is necessary on a theory of unjust enrichment, since Appellees have enjoyed use of the out-of-probate gifts for which Bank has paid the required death taxes. Appellees raise no response to this issue.

A prejudgment interest award is within the sound discretion of the trial court. ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 927 (Tenn. 1998). The Court in ***Myint*** held that the principles of equity are foremost in the decision to award pre-judgment interest. ***See id.*** The decision must be one of fairness under the circumstances. ***See id.*** The purpose of awarding pre-judgment interest is to compensate the plaintiff, not to penalize the defendant. ***See id.*** (citing ***Mitchell v. Mitchell***, 876 S.W.2d 830, 832 (Tenn. 1994)).

We remand this issue to the trial court for a determination of whether pre-judgment interest is appropriate, under all the circumstances, if, in light of this opinion, death taxes on the LeRoy estate are equitably apportioned.

In light of the foregoing, we reverse the trial court's valuation of the residuary insofar as it included post-death increases; we affirm the trial court's decision not to include IRD taxes in the calculation of the death tax fund deficiency; we affirm the trial court's decision not to include attorney's fees in the calculation of the death tax fund deficiency. This case is remanded for determinations consistent with this opinion.

Costs of this appeal are taxed one-half to Appellant, Union Planters National Bank, and its surety, and one-half to Appellees, Bettye Claire Reinhardt Dedman, John Dedman, Jill LeRoy Dimiceli, Bernice A. LeRoy and Sue LeRoy Henderson.

 

 

_____
DAVID R. FARMER, JUDGE