IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 17, 2017 Session

IN RE ESTATE OF LOIS CULP

**Appeal from the Chancery Court for Wayne County**
**No. 2014-PR-194    Stella L. Hargrove, Judge**

_____

**No. M2016-02433-COA-R3-CV**
_____

This case deals with the issue of whether a personal representative of an estate can obtain additional attorney's fees incurred in connection with an appeal−an appeal that occurred after the personal representative had disbursed all the estate funds other than those belonging to the estate beneficiary who pursued the appeal. That individual−Donnie Culp (Culp)−appealed the sale of his late mother's real and personal property by Dianne Rich (the personal representative), executor of his late mother's estate. Prior to Culp's appeal, the personal representative obtained a court order closing the estate and awarding her $43,256.37 in attorney's fees. These attorney's fees included an estimated 40 hours for an appeal. After paying all estate debts, including her compensation and attorney's fees, the personal representative disbursed all remaining estate funds, other than Culp's share, to the other beneficiaries. The personal representative now seeks $17,500 in additional attorney's fees for the over 70 hours that her attorney spent on the appeal. The trial court denied the personal representative's request for additional attorney's fees, holding that it would be inappropriate to award them to her out of Culp's share of the estate. The court noted that the personal representative should have raised the issue before distributing the rest of the estate. We hold that the personal representative's attorney was fully compensated by the initial award of attorney's fees for her attorney's services on appeal. We further hold that no estate funds remain from which the personal representative could obtain additional attorney's fees because she distributed all funds other than Culp's share. Additionally, we hold that Culp lacks standing to ask this Court to determine whether the personal representative should be individually liable for her attorney's fees. The personal representative appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

1

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

James Y. Ross, Sr., Waynesboro, Tennessee, for the appellant, Dianne Rich, as Personal Representative of the Estate of Lois Culp.

Alexander D. Camp and David W. Camp, Jackson, Tennessee, for the appellee, Donnie Culp.

**OPINION**

**I.**

The personal representative sought to auction Lois Culp's real and personal property as executor and trustee of Lois Culp's estate and trust. Donnie Culp opposed the sale of his mother's property. The trial court held that the personal representative was authorized to sell the property. Culp then attempted an interlocutory appeal, which was denied. After his mother's property was auctioned off, Culp sought to stay disbursement of the proceeds until he could appeal the sale. The personal representative responded that

> [e]xcluding [Culp], if the other beneficiaries want to be distributed their portion of the Decedent's Probate Estate, then they can waive their right of appeal and receive their share . . . . Then, only [Culp's] share of the Decedent's Probate Estate would be subject to the stay under Rule 62 of the Tennessee Rules of Civil Procedure.

The personal representative then filed a petition to fix her compensation and attorney's fees, discharge her as executor, and close the estate. The personal representative initially requested $43,256.37 in attorney's fees for over 200 hours spent by her attorney, James Y. Ross, Sr. The personal representative then requested approval of $45,000 in attorney's fees for over 200 hours of Ross's time. Afterward, Ross submitted an affidavit itemizing his time, asserting that he spent or will spend 265.25 hours, "including one appeal," on this matter at a $250 an hour rate, resulting in $66,312.50 in attorney's fees. In Ross's affidavit, under "additional proposed hours," he included 40 hours as "estimated time for [a]ppeal" in his total requested hours. Culp disputed 112.5 of Ross's 265.25 hours, leaving 152.75 hours undisputed. Culp did not dispute Ross's requested 40 hours for appeal.

The trial court denied Culp's request to stay disbursement pending appeal. The court then closed the estate and approved $43,256.37 in attorney's fees for more than 200

hours of Ross's time.  The order stated

> [t]hat the compensation allowed to the Petitioner, as Executor, and fees allowed to the Attorney of Record for the Probate Estate of the Decedent, covers all services heretofore rendered, *and such as may hereafter be rendered to said Probate Estate*, and the Executor, shall be, and is entitled to proper credit for the same on her accounting, if required.

(Emphasis added).

All beneficiaries other than Culp collected his/her share and discharged the estate from any further claims or liability.  Culp appealed the sale of his late mother's property to this Court.  *See* **In re Estate of Culp**, M2015-01421-COA-R3-CV, 2016 WL 2899122 (Tenn. Ct. App., filed May 12, 2016), *perm. appeal denied* (Tenn. Sept. 23, 2016).  We affirmed the trial court's decision.  However, we also held that Culp's appeal was not frivolous or taken solely for delay.  Thus, the personal representative was not entitled to damages or attorney's fees for the appeal.

On remand to the trial court, the personal representative filed a petition seeking $17,500 in additional attorney's fees for approximately 70 hours spent by Ross on appeal. The personal representative asserted that Ross spent 87 hours on appeal, but only requested approval of 70 hours.  Since all the other beneficiaries had already collected his/her share, the requested attorney's fees, if approved by the court, would, by necessity, have to come from the only remaining portion of the estate, *i.e.*, Culp's interest of $121,033.79 and accrued interest.

Culp objected to the personal representative's request for additional attorney's fees.  He argued that there is no legal authority to support the personal representative's request, since Tennessee does not have a "loser pays" rule for attorney's fees.  He contended that the trial court closed the estate prior to his appeal and that the personal representative should have sought approval from the court to continue representing the estate.  Culp further asserted that the personal representative knew he planned to appeal, yet still disbursed the estate funds.  Culp argued that no estate funds remain from which to award attorney's fees.  Culp asserted that the personal representative essentially asked the trial court to hold Culp solely responsible for her attorney's fees after this Court held that his appeal was not frivolous.

The personal representative responded that she had fiduciary and statutory duties to distribute the other beneficiaries' shares and could not delay distribution based on speculation that Culp would appeal.  She asserted that the proper time for requesting

3

attorney's fees for an appeal of an estate sale is on remand to the trial court, not before the appeal occurred. The personal representative also argued that this Court's finding that Culp's first appeal was not frivolous did not preclude the trial court from setting additional attorney's fees on remand. Finally, the personal representative argued that an executor must be granted attorney's fees when they were spent in good faith to benefit or protect the estate.

The trial court denied the personal representative's petition for additional attorney's fees. The court found that it was

> uncontroverted that Mr. Ross was put on notice that Donnie Culp was going to appeal the Court's decision prior to the Court's approval of disbursement of any money held by the Clerk & Master.

The trial court held that the initial award of $43,256.37 in attorney's fees to the personal representative was appropriately awarded and benefitted and protected the estate. However, the trial court questioned whether the additional fees incurred in successfully defending the estate benefitted or protected the estate and whether Culp was being punished for pursuing an appeal this Court found not to be frivolous. Thus, the trial court found that the personal representative should have raised her request for additional attorney's fees based on an appeal prior to distributing the funds to the other beneficiaries and that the additional fees incurred in defending the appeal did not benefit or protect the estate.

## II.

There are three issues on appeal: (1) whether the trial court erred in denying the personal representative's petition for additional attorney's fees from the remaining estate funds when only Culp's portion of the estate remains, (2) whether the personal representative should be individually liable for Ross's attorney's fees, and (3) whether the personal representative's appeal of the trial court's decision in this case is frivolous, entitling Culp to costs and attorney's fees.

## III.

Our standard of review for a court's findings of fact in a bench trial is de novo with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re Estate of Ledford*, 419 S.W.3d 269, 277 (Tenn. Ct. App. 2013) (citing *Cross v. City of Memphis*, 20 S.W.3d 642, 645 (Tenn. 2000)). The trial court's conclusions of law are reviewed de novo with no presumption of correctness. *Ledford*,

419 S.W.3d at 277 (citing ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999)).  "A trial court's ruling for reimbursement of attorney's fees out of an estate is reviewed under an abuse of discretion standard." ***Id.*** (citing ***Merchs. & Planters Bank v. Myers***, 644 S.W.2d 683, 688 (Tenn. Ct. App. 1982)).  The Tennessee Supreme Court summarized the abuse of discretion standard as follows:

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision.  A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.

***Id.*** (quoting ***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted)).  Under the abuse of discretion standard, we are not permitted to second-guess the lower court's decision or substitute our judgment for that of the lower court.  ***Lee Med., Inc.***, 312 S.W.3d at 524 (citing ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003); ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 927 (Tenn. 1998); ***White v. Vanderbilt Univ.***, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)).  "The abuse of discretion standard is a relaxed standard, but it 'does not . . . immunize a lower court's decision from any meaningful appellate scrutiny.' " ***Ledford***, 419 S.W.3d at 277 (quoting ***Lee Med., Inc.***, 312 S.W.3d at 524).

## IV.

We hold that the trial court did not abuse its discretion in denying the personal representative's petition for additional attorney's fees.  Tennessee follows the American Rule for attorney's fees, which holds parties responsible for their own attorney's fees no

matter how wrongful the suit or groundless the defense of the opposing party, unless a contract, statute, or equitable rule requires otherwise. *In re Estate of Greenamyre*, 219 S.W.3d 877, 884 (Tenn. Ct. App. 2005). We have previously held that

> [e]xecutors have the authority to retain counsel to assist them in administering an estate. When they retain counsel, they are personally liable for the fees until a court determines that the services were required and that the fee was reasonable. If a court approves the fee, the executor may charge it back against the estate as one of the costs of administration under Tenn. Code Ann. § 30-2-606.
>
> In order for attorney's fees to be allowed as an administrative expense, they must be shown to be required, and the services provided must inure to the benefit of the entire estate, as opposed to one or more of the interested parties. Thus, in order to use *estate funds* to pay for the legal fees in this case, we must examine the record to determine whether the services were required and were for the estate's benefit and whether the amount of the requested fee is reasonable.

*Ledford*, 419 S.W.3d at 279 (emphasis added) (quoting *In re Estate of Wallace*, 829 S.W.2d 696, 703 (Tenn. Ct. App. 1992)). Attorney's fees must also be expended in good faith to benefit or protect an estate. *See Union Planters Nat. Bank v. Dedman*, 86 S.W.3d 515, 521 (Tenn. Ct. App. 2001) (citing *McAdoo v. Dickson*, 136 S.W.2d 518, 519 (Tenn. 1940)).

However, these principles all imply as a prerequisite that estate funds still remain at the time the executor is seeking the attorney's fees. Under Tenn. Code Ann. § 30-2-701 (2015):

> Upon the payment of all claims that are not contested and *upon provision being made for expenses of administration*, obligations on account of taxes and assessments that have not been settled, claims not due and undetermined contested claims, *together with costs and expenses of litigation*, the personal representative shall pay any balance remaining in the personal representative's hands to the distributees or legatees entitled to it, unless granted additional time by the court, or by the terms of the instrument under which the personal representative is acting, and thereafter, when all other legal

> liabilities have been paid, and the balance remaining has been delivered to those entitled to it or paid to the state treasurer, to be handled in accordance with title 66, chapter 29, part 1, relating to unclaimed property or administered as in § 30-2-402; provided, that in the event of insolvency, the personal representative shall make and file with the court a final settlement of the estate.

(Emphasis added). This statute clearly provides that a personal representative should not distribute the remaining balance of an estate until provisions are made for all administrative and litigation costs and expenses.

In this case, the personal representative did, in fact, request attorney's fees for Culp's expected appeal prior to Culp appealing the sale. Ross's affidavit itemizing his time included 40 hours as "estimated time for appeal." Culp did not object to this amount. The trial court did not break down what hours it credited in the $43,256.37 it awarded to the personal representative for more than 200 hours of Ross's time. Culp did not object to 152.75 hours of Ross's requested hours, but the trial court awarded over 200 hours. The trial court's order specifically referenced compensation for work *to be performed in the future*, leading us to believe that the trial court's award specifically contemplated compensation for an appeal.

The personal representative argues that the proper time to seek attorney's fees is on remand to the trial court after an appeal. We find this argument unconvincing, since the personal representative herself requested compensation for Culp's appeal in Ross's affidavit itemizing his time for the trial court. We find it inappropriate to award the personal representative with further attorney's fees, considering it is unlikely that the personal representative or Ross would have attempted to return a portion of the fees to the estate had Ross spent less than his estimated 40 hours on an appeal in this case.

Even if we assume that the initial award of attorney's fees did not include the estimated 40 hours on appeal that Ross requested, there is no proper legal basis to award the personal representative with further attorney's fees solely from Donnie Culp's portion of the estate. The personal representative chose to distribute the other beneficiaries' shares of the estate, even knowing that Culp intended to appeal. The personal representative argues that she had fiduciary and statutory duties to administer the estate as quickly as possible, regardless of speculation that Culp would appeal. She also asserts that Culp could have attempted to collect the funds by executing a receipt under Tenn. Code Ann. § 30-2-707. Although executors do owe a fiduciary duty to administer an estate as quickly as possible, the executor must also "deal with the beneficiaries in utmost good faith and 'exercise the same degree of diligence and caution that reasonably prudent

7

business persons would employ in the management of their own affairs.' " *In re Estate of Ladd*, 247 S.W.3d 628, 637 (Tenn. Ct. App. 2007) (citing *Estate of Doyle v. Hunt*, 60 S.W.3d 838, 844–45 (Tenn. Ct. App. 2001); *McFarlin v. McFarlin*, 785 S.W.2d 367, 369–70 (Tenn. Ct. App. 1990)). When Culp attempted to stay disbursement of the sale proceeds until he could complete an appeal, the personal representative responded that the other beneficiaries could waive their right to appeal and receive their shares of the estate, leaving "only [Culp's] share of the Decedent's Probate Estate [to] be subject to the stay under Rule 62 of the Tennessee Rules of Civil Procedure." This statement alone demonstrates that the personal representative knew Culp intended to appeal and that she intended to leave only Culp's share in the estate from which to seek costs from the appeal. This does not demonstrate the utmost good faith that is required from a fiduciary. We also cannot credit the personal representative's argument that Culp chose to leave his funds in the estate and vulnerable to continuing estate costs. We refuse to set a standard where a beneficiary should have to worry about their individual share of an estate being plundered by an executor because that executor chose to pay all cooperative beneficiaries of the estate prematurely.

We hold that Ross was fully compensated for his services, including Culp's appeal, under the trial court's order closing the estate. We also hold that no estate funds remain other than those belonging to Culp, and that the personal representative failed to demonstrate any legal basis to hold Culp individually liable for her attorney's fees. As a result, we affirm the trial court's decision to deny the personal representative's request for additional attorney's fees.

Culp argues that the personal representative and her counsel were discharged by the order closing the estate and should have sought judicial approval to reopen the estate or to continue representing the estate on appeal. The personal representative argues that she is entitled to attorney's fees because Ross's services on appeal were required, benefitted and protected the estate, and were reasonable under the Tennessee Rules of Professional Conduct. Based on our previous holdings, we do not find it necessary to address these arguments in detail. In any event, we do not find that these arguments have merit.

## V.

Culp also asks this Court to determine whether the personal representative should be individually liable for Ross's attorney's fees. Culp does not have standing to raise this issue. Whether a party has standing to raise an issue is a question of law, which we review de novo with no presumption of correctness. *Calfee v. Tenn. Dep't of Transp.*, No. M2016-01902-COA-R3-CV, 2017 WL 2954687, at *4 (Tenn. Ct. App., filed July 11, 2017). Parties must have a " 'sufficiently personal stake in a matter' to warrant judicial

resolution of the dispute." ***Calfee***, 2017 WL 2954687, at *5 (quoting ***Metro. Gov't of Nashville v. Bd. of Zoning Appeals of Nashville***, 477 S.W.3d 750, 755 (Tenn. 2015)). "Persons whose rights or interests have not been affected have no standing and are, therefore, not entitled to judicial relief." ***Id.*** at *5 (quoting ***Metro. Gov't of Nashville***, 477 S.W.3d at 755).

In this case, we have already held that the personal representative has no legal grounds on which to hold Culp individually liable for her attorney's fees or to seek relief from Culp's portion of the estate. Whether the personal representative is individually liable for all or any portion of Ross's attorney's fees does not affect Culp's rights or interests in any way. As a result, Culp lacks standing and we decline to rule on this issue at this time.

## VI.

Culp also asks this Court to determine whether the personal representative's appeal of the trial court's decision was frivolous, entitling him to costs and attorney's fees. Although we affirm the trial court's ruling denying the personal representative additional attorney's fees, we do not find that the personal representative's appeal of the trial court's decision was frivolous. Under Tenn. Code Ann. § 27-1-122 (2017):

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." ***Trigg v. Trigg***, No. E2014-00860-COA-R3-CV, 2015 WL 66544, at *10 (Tenn. Ct. App., filed Jan. 5, 2015) (quoting ***Indus. Dev. Bd. v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)), *perm. appeal denied* (Tenn. Apr. 2, 2015). "The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court." ***Id.*** (citing ***Banks v. St. Francis Hosp.***, 697 S.W.2d 340, 343 (Tenn. 1985)). Tenn. Code Ann. § 27-1-122 should be "interpreted and applied strictly so as not to discourage legitimate appeals." ***Selitsch v. Selitsch***, 492 S.W.3d 677, 690 (Tenn. Ct. App. 2015) (citing ***Wakefield v. Longmire***, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)), *perm. appeal denied* (Tenn. Feb. 17, 2016).

In this case, although we affirm the trial court's ruling, the personal representative

did not make arguments that were completely devoid of merit or made solely for delay. As a result, we hold that the personal representative's appeal was not frivolous and that Culp is not entitled to costs and attorney's fees for this appeal.

## VII.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the personal representative of Lois Culp's estate. The case is remanded for collection of costs assessed in the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE